UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KENNETH GRAHAM,

        Petitioner,

    -v-

UNITED STATES OF AMERICA,

        Respondent.
_____

12-CR-311-A
19-CV-039-A

**DECISION & ORDER**

### 1. Background

The Court entered judgment on October 30, 2015, after a jury convicted Petitioner Kenneth Graham on one count of Sex Trafficking by Force, Fraud, or Coercion, in violation of 18 U.S.C. §§ 1591(a) and 1591(b)(1); one count of Sex Trafficking of a Minor by Force, Fraud, or Coercion, in violation of 18 U.S.C. §§ 1591(a), 1591(b)(1) and 1591(b)(2); and one count of Sex Trafficking of a Minor, in violation of 18 U.S.C. §§ 1591(a) and 1591(b)(1). Dkt. 108. He was sentenced to 15 years of imprisonment on Count 1, 15 years on Count 2 to run consecutively, and 10 years on Count 3 to run concurrently to Counts 1 and 2 for a total aggregate sentence of 30 years, followed by 10-year term of supervised release.

Petitioner appealed his conviction, and the United States Court of Appeals for the Second Circuit affirmed the judgment on December 6, 2017. Dkt. 134. On January 16, 2019, Petitioner filed a *pro se* motion to vacate pursuant to 28 U.S.C. § 2255, alleging (1) that his due process right to a fair and impartial trial was violated because he was not given an opportunity to cross-examine Special Agent Patricia Calleri; (2) ineffective

1

assistance of trial counsel during plea bargaining and at trial; (3) ineffective assistance of appellate counsel; and (4) actual innocence as to Count One. Dkt. 152.

On July 9, 2021, the Court issued a Decision and Order denying Petitioner's motion to vacate and denying a certificate of appealability. Dkt. 196. A copy was mailed to Petitioner at United States Penitentiary (USP) Thomson. On December 13, 2021, the Court received a pleading dated December 4, 2021, captioned "Emergency Notice of Appeal of Denial of Certificate of Appealability." Dkt. 197.

In the attendant "Sworn Affidavit," which is not notarized, Petitioner sets forth that he had a conversation with another inmate at USP Thomson on December 3, 2021. That inmate, also named Kenneth Graham, apparently disclosed that he received mail over the summer regarding a "2255" motion and addressed to his name but to an inmate number that was not assigned to him. According to Petitioner's affidavit, he went to the prison law library the next day and read the decision denying his motion to vacate via the "Nexus Lexus" system. Petitioner requested that any determination that his appeal of the denial of a certificate of appealability be excused due to USP Thomson's error.

On April 28, 2022, the United States Court of Appeals for the Second Circuit issued a mandate determining that the notice of appeal was untimely filed. Dkt. 199. However, the mandate also remanded the case and directed this Court to construe Petitioner's filing (Dkt. 197) as a motion to reopen the time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(b).

For the reasons that follow, Petitioner's motion to reopen the time to file a notice of appeal is granted.

2

**2. Discussion**

A District Court is authorized to reopen the time to file an appeal for a period of 14 days after the date when such order is issued only if the three conditions set forth in Rule 4(a)(6) of the Federal Rules of Appellate Procedure have been met. First, the court must find that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) within 21 days of entry of the order sought to be appealed. Second, the moving party must have either filed its motion to reopen within 180 days after the order was entered or within seven (7) days after that party actually received notice of the entry under Rule 77(d), whichever is earlier. Third, the court must find that none of the parties would be prejudiced by reopening of the time to file an appeal.

The time to file a notice of appeal is 60 days after entry of a decision and order on a § 2255 motion. *Fed. R. App. P. 4(a)(1)(B)(i)*. Petitioner seeks to appeal an order that was entered on July 9, 2021. Thus, the original deadline by which to file a notice of appeal was September 8, 2021.

In examining the factors set forth in *Fed. R. App. P. 4(a)(6)*, the Court first finds that Petitioner did not receive notice under *Fed. R. Civ. P. 77(d)* within 21 days after entry of the Court's Decision and Order. As discussed in the "Background" section *supra*, Petitioner asserts that he did not receive any notice until December 3, 2021. The Court has no independent basis to question Petitioner's claim that the copy of the Decision and Order that was mailed to USP Thomson was actually delivered to another inmate with the same name, and the Government has not filed a response to Petitioner's motion to reopen.

Second, pursuant to the "prison mailbox rule," Petitioner's motion was filed on December 4, 2021, that is, 148 days after the Decision and Order was entered and one (1) day after he received notice of the same. *See Houston v. Lack*, 487 U.S. 266 (1988) (*pro se* prisoner litigant's papers are deemed to have been filed when they are delivered to prison authorities for mailing because such prisoner has no choice but to entrust prison authorities with this task).

Finally, the Court finds that no party will be prejudiced by reopening the time to file an appeal. The Court notes that the Government has not submitted any papers indicating that it opposes the motion to reopen.

3. **Conclusion**

Accordingly, based on the foregoing, it is hereby

ORDERED that Petitioner's "Emergency Notice of Appeal of Denial of Certificate of Appealability" (Dkt. 197), construed herein as a motion to reopen time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(b), is **GRANTED**; and it is

ORDERED that notwithstanding the mandate issued by the United States Court of Appeals for the Second Circuit ordering Petitioner to notify that court of this Court's decision on this motion within 14 days of its entry, this Court is only authorized to reopen Petitioner's time to file an appeal for a period of 14 days of the date of entry of this Order, pursuant to Fed. R. App. P. 4(a)(6). Therefore, **Petitioner must also file his notice of appeal within 14 days of the date this Order is entered on the docket**; and it is

ORDERED that the Clerk of the Court shall send Petitioner a form Notice of Appeal for his use in filing.

IT IS SO ORDERED.

*s/Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated: September 23, 2022